UNITED STATES of America, Plaintiff–Appellee,

v.

**Edgar Alberto INDA–LARES, Defendant–Appellant.**

No. 10–50156.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.[*]

Filed March 14, 2011.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew John Gardner, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Robert L. Swain, Esquire, Law Offices of Robert L. Swain, San Diego, CA, for Defendant-Appellant.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Edgar Alberto Inda-Lares appeals from the 57-month sentence imposed following his guilty-plea conviction for conspiracy to import cocaine, in violation of 21 U.S.C. §§ 846, 952(a), and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Inda-Lares first contends that the district court erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2(b). Contrary to Inda-Lares' assertion, the district court did not assert that a drug courier is never entitled to a minor role adjustment. Rather, it concluded that an adjustment was not warranted in this case. The court's determination was not clearly erroneous. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir.2006) (stating standard of review and holding that denial of minor role adjustment was not clear error where evidence showed that the defendant engaged in several drug pick-ups); *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000) (denial of minor role adjustment not clear error where the defendant was the sole driver and occupant of a car in which a substantial amount of drugs were hidden).

Inda-Lares next contends that the government breached the plea agreement by arguing on appeal that the district court did not err in refusing to grant him a minor role adjustment, and that the government is estopped from taking this position on appeal. A plain reading of the plea agreement demonstrates that on appeal the government is free to support the sentence imposed, and is not bound to any position regarding a minor role adjustment. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir.1997) (per curiam). Furthermore, the government's position on appeal is not inconsistent with its recommendation of the minor role adjustment below. Inda-Lares' estoppel arguments therefore fail. *See Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir.1990) (estoppel applies where party makes an assertion in a legal proceeding that "directly contradicts" an earlier assertion).

Finally, Inda-Lares contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence is not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.